**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3367-WJM

STERLING BEALS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE**

---

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Sterling Beals ("Beals") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income benefits and disability insurance benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Beals was not disabled within the meaning of the Social Security Act. This appeal followed.

For the reasons set forth below, the ALJ's decision denying Beals's application for supplemental security income benefits and disability benefits is affirmed.

### I. BACKGROUND

Beals was born on May 4, 1974, and was 37 years old on the alleged disability onset date of August 20, 2011. (Administrative Record ("R.") (ECF No. 10) at 59, 116.) Beals' highest completed grade was eighth grade, and, although he eventually obtained a high school diploma, he admits that he cheated to pass the required courses. (R. at

26, 40.) Before the alleged disability onset date, Beals worked as a semi-truck driver and dump truck driver. (R. at 55.)

Beals applied for disability insurance benefits and supplemental security income on January 5, 2012. (R. at 59.) He claimed that he is disabled due to severe depression, posttraumatic stress disorder ("PTSD"), bipolar disorder, and obsessive-compulsive disorder ("OCD"). (*Id.*) His application was denied on May 8, 2012. (R. at 58–69.) Beals requested and received a hearing in front of an ALJ, Jennifer B. Millington. (R. at 24, 73.) On July 24, 2013, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]

At step one, the ALJ found that Beals had not engaged in substantial gainful activity since August 20, 2011. (R. at 13.)

At step two, the ALJ found that Beals suffered from "the following severe impairments: major depression; obsessive-compulsive disorder (OCD); post-traumatic stress disorder (PTSD); and alcohol abuse." (*Id.*)

At step three, the ALJ found that Beals's impairments, while severe, do not meet or medically equal any of the impairments listed in the Social Security regulations. (R. at 13–15.)

Before proceeding to step four, the ALJ assessed Beals's residual functional

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

capacity ("RFC").  The ALJ concluded that Beals has the RFC

> to perform a full range of work at all exertional levels but with
> the following nonexertional limitations: the claimant can
> understand, remember and carry out simple tasks that can
> be learned in one month or less, in employment that has no
> to rare work interactions with the public and occasional work
> interactions with coworkers and supervisors.

(R. at 15.)  Then, at step four itself, the ALJ concluded that Beals retains the RFC to perform his past work as a dump truck driver.  (R. at 17.)

The ALJ's conclusion at step four was, by itself, sufficient to deny Beals's disability application.  *See* 20 C.F.R. § 404.1520(a)(4).  The ALJ nonetheless proceeded to step five and alternatively found that other jobs exist within Beals's RFC. (R. at 17–18.)  Specifically, the ALJ found that Beals could work as a janitor, warehouse worker, and hand packager, and that positions for each of these jobs are sufficiently numerous in both the national and Colorado economies.  (R. at 18.)  Accordingly, the ALJ found that Beals was not disabled and therefore not entitled to Social Security benefits.  (*Id.*)

Beals appealed to the Social Security Appeals Council (R. at 6), which denied review (R. at 1).  Beals then filed this action seeking review of the ALJ's July 24, 2013 decision.  (ECF No. 1.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  ANALYSIS

Beals's sole argument for reversal is that the ALJ improperly assessed his RFC, thus leading the ALJ into further error at steps four and five. (ECF No. 15 at 21–29.)[2]

When assessing Beals's RFC, the ALJ gave "great weight" to the opinion of Dr. Brett Valette, a psychologist who examined Beals at the Commissioner's request. (R. at 16.) The ALJ likewise gave "great weight" to Dr. Gayle Frommelt, a psychologist who formed an opinion based solely on reviewing Beals's records. (*Id.*; *see also* R. at 59–69, 193.) Both Valette and Frommelt concluded that Beals has the capacity at least to follow simple instructions and accept infrequent supervision. (R. at 67, 190–91.)

Valette provided his opinion in April 2012 and Frommelt provided her opinion in May 2012, after which Beals began seeking treatment at Aurora Mental Health. (R. at 198.) Beals received individual and group therapy through this organization at least

---

[2] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

through May 2013, not long before his June 2013 ALJ hearing. (R. at 57, 296.) These therapy sessions generated numerous medical records (R. at 197–297), which Beals describes as "subsequent medical opinion evidence." (ECF No. 15 at 25.) Beals argues that these opinions from treating practitioners should normally receive more weight than opinions from non-treating practitioners (such as Valette and Frommelt), but the ALJ failed to evaluate the treating practitioners' opinions as such and failed to explain why those opinions should receive less weight than Valette's and Frommelt's opinions. (*Id.* at 21–27.)

The Government counters that the Aurora Mental Health records are treatment notes, not treating practitioners' opinions. (ECF No. 16 at 8.) Beals filed no reply brief, leaving this argument unanswered. Moreover, the Court's review of the Aurora Mental Health records shows that the Government is correct.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). None of the Aurora Mental Health treatment notes meet this standard. These notes certainly record information about Beals's symptoms and various diagnoses, but they contain no prognosis, nor do they "reflect [any practitioner's] judgment[]" regarding what Beals can still do despite his impairments.

Furthermore, the Social Security regulations make clear that there is a difference between an opinion and the treatment notes that might support it. For example, the regulations state that the Social Security Administration will "give more weight to

opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). Thus, treatment notes may contain "objective medical findings" or "reports of individual examinations," and may be useful as such to support an opinion, but the notes are not themselves an opinion.

Because there was no treating-source opinion evidence, the ALJ did not err in failing to properly consider treating-source opinion evidence. Nonetheless, the ALJ was still required to consider the treatment notes as "relevant evidence." *See id.* § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). In pertinent part, the ALJ's evaluation of the treatment notes was as follows:

> [Beals] has received treatment in the form of group and individual therapy, along with medication. Medical records show that [Beals] responded well to group therapy, and he stated he enjoyed group sessions, though he left group therapy in 2013.[3] [Beals] reported doing well in November of 2012 and reported a reduction in his drinking. He described an increase in symptoms when he stopped taking his medication, but again indicated that therapy was "going well" when he restarted medication. [Beals] said that he felt better with an increase in medication in January of 2013. He had an increase in symptoms in April of 2013 after leaving group therapy, but reported no suicidal or homicidal ideations in May of 2013. Notably, [Beals] has received

---

[3] Beals argues that the ALJ erred in this point, and that he "was still in therapy at [Aurora Mental Health] at the time of the June 2013 hearing." (ECF No. 15 at 25.) Beals cites no record evidence to support this assertion. Regardless, Beals does not explain, nor can the Court discern, how the ALJ's allegedly incorrect belief materially affected her decision.

> relatively conservative treatment for his mental impairments, and has not required any inpatient hospitalizations or emergency room visits.

(R. at 16 (citations omitted).) Considering all this, the ALJ concluded that Beals's "treatment history does not support his description of his symptoms or his allegations concerning the limiting effects of his mental impairments." (*Id.*)

Having reviewed the Aurora Mental Health treatment notes, the Court concludes that, in combination with the rest of the evidence, the notes comprise such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's RFC assessment. *Wall*, 561 F.3d at 1052. This Court therefore may not reweigh the evidence. *Salazar*, 468 F.3d at 621.[4]

Beals, however, insists that the ALJ should have solicited additional medical opinion testimony. (ECF No. 15 at 25–26.) Beals relies on *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012), which vacated an ALJ's decision to deny benefits because, among other reasons, the ALJ relied on an opinion rendered in 2008 but "[t]he relevant medical record obviously underwent material changes in the twenty months between [that opinion] and the ALJ's decision in November 2009." *Id.* at 1292.

This case is similar to *Chapo* in that the Aurora Mental Health treatment notes, which are the bulk of the medical evidence, post-date the opinions on which the ALJ relied. This case is different from *Chapo*, however, in that the treatment notes do not

---

[4] Beals does not argue that the ALJ improperly discredited his testimony based on a perceived failure to seek treatment or to follow a treatment regimen. *Cf. Thompson*, 987 F.2d at 1490 (discussing factors the ALJ must consider before "rely[ing] on the claimant's failure to pursue treatment or take medication as support for [a] determination of noncredibility").

represent a "material change" to the record.  Rather, the treatment notes are broadly consistent with Valette's and Frommelt's opinions that Beals retains the RFC to perform simple work as long as he has little interaction with the public and only occasional interaction with supervisors or coworkers.  Thus, the Court finds no reversible error in the ALJ's RFC assessment.[5]

## IV.  CONCLUSION

For the reasons set forth above, the ALJ's decision is AFFIRMED.  The Clerk shall enter judgment in favor of the Commissioner and shall terminate this case.  Both parties shall bear their own attorney's fees and costs.

Dated this 10th day of November, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

---

[5] Although the record contains extensive discussion of Beals's alcohol abuse, the ALJ found that Beals's impairments "exist independently of any alcohol or substance related disorder."  (R. at 17.)  To the extent Beals's alcohol abuse continues, nothing prevents him from filing a new disability application specifically to explore his eligibility for benefits in light of his alcoholism.